IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ABDUL QAYYUM SYED**,<br><br>        Plaintiff,<br><br>    v.<br><br>**ALEJANDRO MAYORKAS, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, UR M. JADDOU, ROSE KENDRICK, ANNE A. CORSANO,** and **MARGARET ROSENAST**,<br><br>        Defendants. | Case No. 3:23-cv-00083-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Henry Rodriguez, Passage Immigration Law, 721 NW 9th Ave., Suite 195, Portland, OR 97209. Attorney for Plaintiff.

Natalie K. Wight and Patrick J. Conti, United States Attorney's Office, 1000 SW 3rd Ave., Suite 600, Portland, OR 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Before this Court is Alejandro Mayorkas, United States Citizenship and Immigration Services ("USCIS"), Ur M. Jaddou, Rose Kendrick, Anne A. Corsano, and Margaret Rosenast's (collectively, "Defendants") Motion to Dismiss for lack of subject-matter jurisdiction and failure

PAGE 1 – OPINION AND ORDER

to state a claim. ("Defs.' Mot."), ECF 6. Plaintiff, a citizen of India domiciled in Oregon, applied for advanced parole twice from the USCIS to visit his ailing mother in India and travel back to the United States without possessing a visa. Complaint ("Compl."), ECF 1 at ¶¶ 1, 18. The USCIS denied Plaintiff's application each time. *Id.* ¶¶ 16, 19. Plaintiff asks this Court to issue a writ of mandamus compelling Defendants to approve his application for advanced parole. *Id.* at 8–9. Although this Court is sympathetic to Plaintiff's situation, it does not have subject-matter jurisdiction to review the USCIS's denial of advanced parole, nor has Plaintiff alleged a plausible due process violation. Accordingly, and as detailed below, Defendants' motion to dismiss is GRANTED.

## LEGAL STANDARDS

**Fed. R. Civ. P. 12(b)(1)**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction." *Id.* To that end, under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss based on lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When ruling on a challenge to subject-matter jurisdiction, "[a] district court may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'" *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "[N]o presumptive truthfulness attaches to plaintiff's allegations." *Id.* (quoting *Augustine*, 704 F.2d at 1077). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Id.* (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint . . . ." *Leeson v. Transamerica*

PAGE 2 – OPINION AND ORDER

*Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012); *see also* Fed. R. Civ. P. 12(h)(3).

**Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a

PAGE 3 – OPINION AND ORDER

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

## BACKGROUND

Plaintiff is a citizen of India who is domiciled in Multnomah County, Oregon. Compl., ECF 1 ¶ 1. In 2016, Plaintiff was lawfully admitted to the United States and inspected as an F-1 visa holder. *Id.* ¶¶ 1, 12; ECF 1-1, Ex. B, Ex. C. Plaintiff's visa has since expired. *Id.* ¶ 1. Plaintiff alleges he may legally remain in the country because his spouse, a U.S. citizen, has filed a petition for alien relative on his behalf. *Id.* ¶¶ 1, 11.

In March 2022, while physically present in the United States, Plaintiff applied for advanced parole to leave and return to the United States without a visa. *See id.* ¶¶ 13–15. The USCIS denied Plaintiff's application for advanced parole on July 29, 2022, claiming he was ineligible because his visa had been revoked in 2017. *Id.* ¶¶ 16–17. In September 2022, Plaintiff reapplied for advanced parole, requesting expedited processing because of his mother's illness. *Id.* ¶ 18. The USCIS denied Plaintiff's request again, this time stating that Plaintiff "last entered the United States in transit without a visa, as a nonimmigrant crewman or who was not admitted or paroled following an inspection by an immigration officer." *Id.* ¶¶ 20, 28.

Plaintiff challenges the USCIS's denial of his application for advanced parole, arguing that the decision 1) is arbitrary and capricious and 2) violates Plaintiff's due process rights. *Id.* ¶¶ 21–35. Plaintiff asks this Court to issue a writ of mandamus ordering the USCIS to grant advanced parole. *Id.*

Defendants move to dismiss Plaintiff's complaint, arguing that judicial review is unavailable because this Court lacks jurisdiction to review discretionary decisions by the USCIS. Defs.' Mot., ECF 6 at 6–8. Defendants also argue that Plaintiff fails to state a claim that the USCIS's denial of his advance parole application violates due process. *Id.* at 8–10. Because this

PAGE 4 – OPINION AND ORDER

Court lacks jurisdiction to review the USCIS's denial of advanced parole and Plaintiff has failed to state a plausible due process claim, Defendants' motion to dismiss is GRANTED.

## DISCUSSION

**A. This Court Lacks Jurisdiction to Review a Discretionary Agency Decision**

Defendants argue that the Administrative Procedure Act ("APA") and the Immigration and Nationality Act ("INA") preclude this Court from reviewing the USCIS's decision to grant or deny advance parole because the decision is discretionary. *Id.* at 6–8. Plaintiff responds that because the USCIS follows an internal agency framework for granting advance parole, the decision was non-discretionary and reviewable by this Court. Plaintiff's Response to Defendants' Motion to Dismiss ("Pl.'s Resp.") ECF 7 at 4–6. Defendants, in reply, argue that the framework described by Plaintiff does not make the decision to grant advance parole non-discretionary because the framework is not a mandate from the INA. Defendants' Reply in Support of Motion to Dismiss ("Defs.' Reply"), ECF 8 at 2–4. This Court agrees with Defendants and holds that it lacks jurisdiction to review the USCIS's discretionary decision.

Relevant sections of the APA and INA do not permit courts to review discretionary agency decisions. Generally, challenges to administrative action enjoy a "presumption favoring judicial review," which applies with particular force to "questions concerning the preservation of federal-court jurisdiction." *Poursina v. U.S. Citizenship & Immigr. Servs.*, 936 F.3d 868, 871 (9th Cir. 2019) (citation omitted). Even so, the APA still precludes judicial review when "agency action is committed to agency discretion by law." *Dep't of Homeland Sec.*, 140 S. Ct. at 1905; *see* 5 U.S.C. § 701(a)(2). Similarly, the section of the INA applicable here also precludes judicial

PAGE 5 – OPINION AND ORDER

review over decisions "under this subchapter" vested "in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." See 8 U.S.C. § 1252(a)(2)(B)(ii).[1]

The denial of Plaintiff's parole petition was committed to agency discretion by law and therefore cannot be reviewed by this Court. By its text, 8 U.S.C. § 1182(d)(5)(A) instructs that decisions on parole petitions are to be granted or rejected at the Attorney General's discretion: "[t]he Attorney General may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis . . . ." *Id.* § 1182(d)(5)(A). Accordingly, it follows that parole decisions are unreviewable by federal courts. The Ninth Circuit has confirmed this conclusion. In *Vazquez Romero v. Garland*, the court held that "the jurisdiction-stripping provision of § 1252(a)(2)(B)(ii) applies to discretionary parole decisions under § 1182(d)(5)." 999 F.3d 656, 665 (9th Cir. 2021) (citing *Hassan v. Chertoff*, 593 F.3d 785, 789 (9th Cir. 2010)). Because the decision to parole Plaintiff into the United States is discretionary under § 1182(d)(5), the INA and APA prevent this Court from reviewing the USCIS's decision. *See id.*; 8 U.S.C. § 1252(a)(2)(B)(ii); 5 U.S.C. § 701(a)(2).

Plaintiff argues that the USCIS must nonetheless follow its internally established framework used to decide advance parole applications. Pl.'s Resp., ECF 7 at 4. The Ninth Circuit has held that a decision described as "discretionary" by a statute can still be reviewable if there is a "meaningful standard" to judge the agency's exercise of discretion. *Perez Perez v. Wolf*, 943 F.3d 853, 862 (9th Cir. 2019). Plaintiff argues that the denial letters he received from the USCIS furnish a "meaningful standard" under *Perez Perez*. These letters state:

> Generally, we exercise discretion to issue advance parole under INA 212(d)(5)(A) to applicants who:

---

[1] The "subchapter" referenced by the INA refers to all sections between 1151 and 1382, including Section 1182, the relevant statute here discussing advanced parole. *See generally* 8 U.S.C. § 1252(a)(2)(B)(ii); 8 U.S.C. § 1151–1382.

PAGE 6 – OPINION AND ORDER

- Have a pending Form I-485, Application to Register Permanent Residence or Adjust Status;

- Filed their Form I-131 with or after filing Form I-485;

- Are present in the United States after being Inspected and admitted or paroled; and

- Are not in immigration proceedings or under an order of deportation, removal, or exclusion.

ECF 1-1, Ex. F at 20.

Defendants counter that these statements do not suffice as a "meaningful standard" under *Perez Perez* because in that case, a statute—not an informal agency document—provided standards for judicial review. Defs.' Reply, ECF 8 at 3 (citing *Perez Perez,* 943 F.3d at 863).

This Court agrees with the Government and holds that Plaintiff's USCIS denial letters do not permit judicial review of his parole denial. As the Government argues, *Perez Perez*, which involved only a statute, supplies no rule of decision here; instead, for *regulations*, a different line of Ninth Circuit precedent controls. Under this precedent, agency practices, like the one cited by Plaintiff in his denial letters, cannot overcome § 1252(a)(2)(B)(ii)'s general preclusion of judicial review over discretionary decisions made by the Attorney General. "[I]f [a] statute specifies that [a] decision is wholly discretionary, regulations or agency practice will not make [a] decision reviewable." *Vega v. U.S. Citizenship & Immigr. Servs.*, 65 F.4th 469, 472 (9th Cir. 2023) (citation omitted). "[A]gency practice is not an independent source of law and does not create a legal standard that permits review." *Id.* (citation omitted). A meaningful standard restricting discretionary decisions must "appear expressly in the statute at issue for a decision to be reviewable." *Id.* The framework highlighted by Plaintiff does not come from 8 U.S.C. §

PAGE 7 – OPINION AND ORDER

1182(d)(5)(A); it appears exclusively in the notices of denial sent by the USCIS. *See* Pl.'s Resp., ECF 7 at 4 (citing ECF 1-1, Ex. F at 20, Ex. H at 31).

This Court therefore finds that no statute or regulation provides a "meaningful standard" by which this Court could judge the agency's exercise of discretion under *Perez Perez*. *See* 943 F.3d at 862.

Plaintiff cites several cases to support his argument that the USCIS must follow the informal procedures listed on the parole denial letters. This Court finds these cases unpersuasive. Some of these cases involve agency decisions that violated the agency's own formal regulations—but these are inapposite, since the USCIS's denial letter is not a formal regulation. *See, e.g.*, *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954); *Montilla v. INS*, 926 F.2d 162, 167–68 (2d Cir. 1991). And others outside the Ninth Circuit are of little persuasive value given the binding precedent in *Vega*. *See, e.g.*, *Smith v. Resor*, 406 F.2d 141, 146–47 (2d Cir. 1969); *Pasquini v. Morris*, 700 F.2d 658, 663 (11th Cir. 1983).

Plaintiff also cites *Abdur-Rahman v. Napolitano*, 814 F. Supp. 2d 1087, 1093–95 (W.D. Wash. 2010), but this, too, is unpersuasive. In that case, the court found it could exercise subject-matter jurisdiction over the USCIS's decision to revoke advance parole on two alternative bases. *Id.* First, the plaintiffs had made a constitutional claim, alleging the USCIS violated his due process rights when it revoked advance parole and failed to provide notice under 8 C.F.R. § 212.5(e)(2)(i). And second, the agency had not exercised discretion because the decision to revoke advance parole was automatic upon the denial of the plaintiffs' I-485 applications for adjustment of status. *Id.* at 1094–95. Neither situation is analogous to this case. That case concerned the *revocation* of advanced parole and formal agency rules governing that process; here, no advanced parole was granted in the first place, and Plaintiff identifies no formal agency

PAGE 8 – OPINION AND ORDER

rule in the Code of Federal Regulations governing *this* process. Nor has Plaintiff alleged that the USCIS's decision was in some way automatic, such that it would not be a discretionary decision insulated from judicial review.

*Morton v. Ruiz*, also cited by Plaintiff, is likewise inapplicable. 415 U.S. 199 (1974). Although that case held that agencies must follow their internal procedures, nothing in the opinion considers the issue here: whether this Court has subject-matter jurisdiction to review an agency decision made discretionary by law. Nor did *Morton* involve a statute that stripped federal courts of jurisdiction to review the agency's decision, like the APA and INA have here. Thus, *Morton* is not persuasive to establish jurisdiction.

Because the USCIS's decision to deny parole is discretionary and no "meaningful standard" exists for this Court to apply, this Court lacks jurisdiction to review the USCIS's denial of advance parole.

**B.  The USCIS Decision Does Not Violate Due Process**

Plaintiff also argues that by failing to apply their own informal procedures, Defendants have deprived Plaintiff of due process. Pl.'s Resp., ECF 7 at 5. Defendants respond that the informal procedures Plaintiff cites do not establish a liberty interest protected by the Due Process Clause. Defs.' Reply, ECF 8 at 5 (citation omitted). Plaintiff has not established a protected liberty interest here.

Courts have "jurisdiction to review constitutional claims, even when those claims address a discretionary decision." *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir. 2003). The Fifth Amendment Due Process Clause requires that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty

or property interest and (2) a denial of adequate procedural protections." *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 931 (9th Cir. 2017) (citation omitted).

The plain language in the USCIS's denial letters do not provide Plaintiff with a protected liberty or property interest. The letters state that "[g]enerally we exercise discretion to issue advance parole . . . to applicants who [satisfy four factors]. ECF 1-1, Ex. F at 20; ECF 1-1, Ex. H at 31. The use of "generally" is permissive, as opposed to mandatory, and implies that the agency may consider other factors when deciding to issue advance parole. *See also Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993) (stating that a liberty interest is created using mandatory language, such as "shall," "will" or "must," that limits the exercise of official discretion). Thus, the factors listed in Plaintiff's advance parole denial letters are not mandatory and do not establish an interest protected by the Due Process Clause.

Separate from the USCIS's denial letters, Plaintiff cannot show that he is entitled to a protected liberty or property interest. The Ninth Circuit has found that parole denials pursuant to 8 U.S.C. § 1182(d)(5)(A), the statute at issue, do not create a liberty interest protected by the Fifth Amendment. *Wong v. United States*, 373 F.3d 952, 968 (9th Cir. 2004)*, abrogated on other grounds by Pettibone v. Russell*, 59 F.4th 449, 452–53 (9th Cir. 2023). "The INA does not create any liberty interest in temporary parole that is protected by the Fifth Amendment. Rather, the statute makes clear that whether and for how long temporary parole is granted are matters entirely within the discretion of the Attorney General." *Id.* (citation omitted); *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) ("[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion.").

Because no nondiscretionary framework entitles Plaintiff to advance parole, he has not been deprived of a protected liberty interest. Thus, Plaintiff has failed to state a claim that his due

process rights have been violated, and this Court need not decide whether Plaintiff has been denied adequate procedural protections.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, ECF 6, is GRANTED. This Court finds that any amendment to the Complaint would be futile. Accordingly, this case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 10th day of October, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge